

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 6286 | DATE | November 4, 2011 |
| CASE TITLE | Aguilar v. Natbony, et al. | | |

**DOCKET ENTRY TEXT:**

The Court STAYS Plaintiff Ellen Aguilar's Motion to Compel (Doc. #1). The Court GRANTS in part and STAYS in part Katten Muchin Rosenman LLP's Motion to Stay/Quash (Doc. #15).

■[For further detail see below.]      Docketing to mail notice.

## STATEMENT

    Ellen Aguilar seeks an order compelling non-party Katten Muchin Rosenman LLP to respond to a Rule 45 subpoena issued by the United States District Court for the Northern District of Illinois on July 1, 2011. Katten Muchin seeks an order quashing the subpoena or, alternatively, staying the Motion to Compel until certain motions are resolved in the underlying action.
    The underlying action is pending in the Southern District of New York. Ms. Aguilar sued her brother, Thomas Kaplan, as well as the executor of certain trusts, William Natbony, alleging, among other things, that Mr. Natbony breached his fiduciary duties when he removed Ms. Aguilar as a beneficiary of those trusts at her brother's urging.
    In the underlying action, defendants have filed a motion to dismiss, a motion to stay discovery pending the court's ruling on the motion to dismiss, and a motion for protective order regarding discovery. They have also argued that Ms. Aguilar's complaint is irreparably tainted because her son, Guma Aguilar, hacked into Mr. Kaplan's email account and stole privileged communications related to the underlying litigation. Ms. Aguilar concedes that her son committed the computer hacking, but contends that she never reviewed or had knowledge of the allegedly privileged emails. She also argues that defendants waived any privilege associated with the emails by filing them in the underlying action.
    In this court, Ms. Aguilar seeks an order compelling Katten Muchin to respond to a Rule 45 subpoena. Ms. Aguilar argues that Katten Muchin is likely to possess documents relevant to the litigation because Mr. Natbony worked at Katten Muchin and has asserted an "advice of counsel" defense, claiming that he relied on the advice of Katten Muchin attorneys in removing Ms. Aguilar from the trusts.
    Katten Muchin has responded to Ms. Aguilar's Motion to Compel by arguing that the Motion should be stayed until the District Court in New York resolves defendants' motions in the underlying action. Katten Muchin also argues that the subpoena is improper because it is overbroad, unduly burdensome, and calls for privileged information.

Page 1 of 2

Under the Federal Rules of Civil Procedure, district courts have broad discretion to limit the scope of discovery or control its sequence. Fed. R. Civ. Pro. 26(c) and (d), *Crawford-El v. Britton*, 523 U.S. 574 (1998). Although the filing of a motion to dismiss does not automatically stay discovery, a stay may be appropriate where the motion to dismiss is case-dispositive or relates to a threshold issue, such as jurisdiction or standing. *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435 (N.D. Ill. 1996). Under Rule 45, courts that issue non-party subpoenas are often charged with deciding disputes between the issuing party and the responding party. Federal courts have recognized, however, that it may be appropriate for an issuing court to stay its ruling when there is a related dispute pending in the presiding court. *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 79 F.3d 46 (7th Cir. 1996); *Kearney v. Jandernoa*, 172 F.R.D. 381 (N.D. Ill. 1997); *Griffith v. United States*, No. 07 C 1522, 2007 WL 2164204 (N.D. Ill. May 24, 2007).

In this case, Katten Muchin has requested a stay pending the New York court's ruling on defendants' motion to dismiss, motion to stay, and motion for protective order. Because each of those motions may affect the scope of the dispute in this case, the Court rules that a stay is appropriate. If the New York court decides to dismiss Ms. Aguilar's complaint, either for failure to state a claim or as a sanction for her son's computer hacking, the motions before this Court would be moot. Defendants' motion for a protective order also bears on the dispute before this Court because it challenges Ms. Aguilar's standing to seek related discovery and calls on the New York Court to determine the sequence of discovery.

Thus, this Court will stay its ruling on Katten Muchin's Motion to Compel pending the New York Court's decision on defendants' motion to dismiss, motion to stay, and motion for protective order. Immediately upon entry of the New York Court's ruling on any of those motions, Katten Muchin shall file that ruling with this Court. Thereafter, this Court will vacate the stay and issue a ruling not inconsistent with the rulings of the New York Court.

*Wm. J. Hibbler*